Filed 12/13/13  P. v. Lopez CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>    **Plaintiff and Respondent,**<br><br>        v.<br><br>**ALVARO HUMBERTO LOPEZ,**<br><br>    **Defendant and Appellant.** | **A137165**<br><br>(San Mateo County<br>Super. Ct. No. SC074925) |

Defendant Alvaro Humberto Lopez appeals following his conviction of various offenses, including narcotics, firearm, and gang participation charges.  He requests that we conduct an independent review of the in camera hearing held pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*).  The People agree independent review is appropriate.  We affirm.

## PROCEDURAL BACKGROUND

In August 2012, appellant was charged by amended information with possession of heroin for sale (Health & Saf. Code, § 11351; count one); possession of a dirk or dagger (former Pen. Code, § 12020, subd. (a); count two); possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1); count three); participation in a criminal street gang (Pen. Code, § 186.22, subd. (a); count four); possession of ammunition by a felon (former Pen. Code, § 12316, subd. (b)(1); count five); possession of cocaine (Health & Saf. Code, § 11350, subd. (a); count six); and misdemeanor possession of

narcotics paraphernalia (Health & Saf. Code, § 11364; count seven). The information also included street gang, firearm, and prior conviction allegations.

The trial court dismissed count two, a jury found appellant guilty on the remaining counts and found true the enhancement allegations attached to counts one and three, and the trial court found true the allegations regarding priors. The court sentenced appellant to a prison term of 14 years. This appeal followed.

FACTUAL BACKGROUND

On May 12, 2011, appellant was under surveillance by local and federal agents. Officers observed him enter a taxi cab, stopped the cab, and searched appellant pursuant to a search warrant. Appellant had a switchblade knife in his pocket and baggies of heroin in a backpack.

Officers obtained a search warrant for appellant's apartment. They found plastic baggies containing heroin and cocaine, a digital scale and a box of plastic baggies, and a revolver and ammunition.

DISCUSSION

Appellant does not contend there was error at trial or sentencing. Instead, appellant requests that this court review the sealed portion of an attachment to the affidavit submitted in support of a May 3, 2011 search warrant, to determine whether the trial court erred in concluding the affidavit established probable cause. He also requests that this court review whether the trial court erred in denying his request to unseal the sealed portions of the attachment and his motion to quash and traverse the warrant. This court has reviewed the sealed, unredacted attachment to the affidavit, as well as the sealed transcript of the in camera hearing held pursuant to *Hobbs*, *supra*, 7 Cal.4th 948. The trial court did not err.

The May 3, 2011 warrant authorized the search of appellant, a specified residence, and any vehicle connected to appellant or the specified residence. Issuance of the warrant was based on an affidavit of probable cause provided by Police Sergeant Nicholas Chorley. The most probative information was contained in an attached "Confidential Attachment #1" (Attachment), which was ordered sealed. In March 2012,

2

appellant requested that the trial court review the sealed Attachment pursuant to *Hobbs*, *supra*, 7 Cal.4th 948; unseal the sealed portion; and quash and traverse the search warrant because it was obtained based on a knowingly false statement or in reckless disregard of the falsity of the statements supporting issuance of the warrant.

Following an in camera hearing requested by the People, appellant was provided a redacted version of the Attachment to Sergeant Chorley's affidavit. Among other things, the redacted Attachment described a March 2010 purchase of heroin from appellant by an "untested confidential informant." The redacted Attachment reflected there was a meeting with a "Confidential Reliable Informant" in April 2011, but the details of the meeting were redacted. The trial court denied appellant's motions to disclose the identity of the informants and quash and traverse the search warrant.

All or part of a search warrant affidavit may be sealed if necessary to protect the identity of an informant who has supplied probable cause for the issuance of a warrant. (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) Where a defendant moves to traverse or quash a warrant, the trial court is required to conduct an in camera hearing. (*Id.* at p. 972.) The court must determine whether there are sufficient grounds for maintaining the confidentiality of the informant's identity, and whether the extent of the sealing is necessary to protect the informant's identity. (*Ibid.*) Absent a waiver from the prosecutor, the defendant and his counsel may not be present at the hearing. (*Id.* at p. 973.)

If the trial court determines all or part of the affidavit was properly sealed, it must next decide if there is any merit to the defendant's motion to traverse. (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) The court must determine whether there is a reasonable probability the affidavit includes a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to the finding of probable cause. (*Ibid.*) If not, the court should so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability the defendant will prevail on the motion, the prosecutor must be given the option of disclosing the

3

sealed materials, or suffering the entry of an adverse order on the motion to traverse. (*Id.* at pp. 974-975.)

If the defendant has moved to quash the warrant, the trial court must determine whether under the totality of the circumstances "there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) If the court determines there was such probable cause, the court should so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability the defendant will prevail on his motion, the prosecutor must either disclose the sealed materials to the defense, or suffer the entry of an adverse order on the motion to quash. (*Ibid.*)

The trial court here followed the proper procedure. Our independent review of the record, including the sealed portions, confirms the trial court's determinations.[1] (*People v. Martinez* (2005) 132 Cal.App.4th 233, 241.) There are sufficient grounds for maintaining the confidentiality of the April 2011 informant's identity, and the extent of the sealing is necessary for that purpose. Under the totality of the circumstances there was probable cause to issue the search warrant. There was no reasonable probability that appellant would prevail on his motions to quash and traverse the warrant.

DISPOSITION

The judgment is affirmed.

---

[1] The sealed, unredacted version of the Attachment to Sergeant Chorley's search warrant affidavit was omitted from the record on appeal. On this court's motion, the record was augmented to include the unredacted version of the Attachment, filed in this court under seal.

4

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
NEEDHAM, J.